IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| BARRY REED, | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | :   CIVIL ACTION 07-0265-M |
| | : |
| STATE FARM MUTUAL AUTOMOBILE | : |
| INSURANCE COMPANY, | : |
| | : |
| Defendant. | : |

<u>MEMORANDUM OPINION AND ORDER</u>

This action comes before the Court on Plaintiff's Motion to Remand (Doc. 7). Jurisdiction has been invoked in this Court under 28 U.S.C. § 1332 (Doc. 1). The parties filed written consent and this action has been referred to the undersigned Magistrate Judge to conduct all proceedings and order the entry of judgment in accordance with 28 U.S.C. § 636(c) and Fed.R.Civ.P. 73 (*see* Doc. 6). After consideration of the relevant pleadings, Plaintiff's motion is **GRANTED.**

The facts, according to the complaint, are that Plaintiff Barry Reed was seriously injured while working on an automobile owned by David Holcomb, an uninsured/underinsured motorist (Doc. 1, Exhibit A, ¶¶ 1, 3-4). At the time of the accident, Plaintiff had an insurance policy for uninsured/underinsured motorists with Defendant State Farm Mutual Automobile Insurance Company (*id.* at ¶¶ 2, 5).

Plaintiff filed a complaint in the Circuit Court of Dallas

County, Alabama, seeking "all available amounts of uninsured/ underinsured motorist benefits available to him under the policy or policies of insurance afforded to him with the Defendant State Farm not to exceed the sum of SEVENTY-FOUR THOUSAND AND NOT NO/100 ($74,000.00) DOLLARS" (Doc. 1, Exhibit A, pp. 1-2) (emphasis in original).  Defendant then Removed this action, asserting that this Court has jurisdiction, on the basis of diversity jurisdiction, under 28 U.S.C. § 1332(a) (Doc. 1, ¶ 3). Plaintiff has filed a Motion to Remand the action to the State courts (Doc. 7) to which Defendant has filed a Response (Doc. 9).

The Court notes that any civil action over which the district court would have original jurisdiction may be removed by the defendant to the district court for the district in which the action is pending.  28 U.S.C. § 1441(a).  The district court has jurisdiction over actions between citizens of different states where the amount in controversy exceeds $75,000.  28 U.S.C. § 1332.  In this action, there is no dispute that the parties are diverse as Plaintiff is an Alabama resident (Doc. 1, Exhibit A, ¶ 1) while State Farm hails from Illinois (Doc. 1, ¶ 2).  What is disputed is whether the matter in controversy exceeds $75,000.

In a removal action, the party asserting jurisdiction has the burden of establishing proof of jurisdiction by a preponde- rance of the evidence.  *McNutt v. General Motors Acceptance Corp. of Indiana, Inc.*, 298 U.S. 178 (1936).  In a removal action, that

2

burden is upon the defendant. *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92 (1921). Removal is a statutory remedy which must be narrowly construed so as to limit federal jurisdiction. *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100 (1941); *Robinson v. Quality Ins. Co.*, 633 F.Supp. 572 (S.D. Ala. 1986).

In his Motion to Remand, Reed asserts that he had five separate policies of insurance with Defendant, each worth twenty thousand ($20,000) dollars in uninsured/underinsured coverage, totaling one hundred thousand ($100,000) dollars in coverage (Doc. 7, ¶ 4). Admitting that State Farm has already paid him fifty thousand ($50,000) dollars, Plaintiff asserts that his total recovery in this Court can be no more than the balance of fifty thousand ($50,000) dollars (*id.* at ¶ 5).

The Supreme Court has held that "the sum claimed by the plaintiff controls if made in good faith. It must appear to a legal certainty that the claim is for less than the jurisdictional amount to justify dismissal." As noted earlier, the State Court complaint asked for an amount that is less than than seventy-thousand ($75,000) dollars (Doc. 1, Exhibit A, pp. 1-2).

State Farm, however, asserts that Reed has already received a total of one hundred, five thousand (105,000) dollars in payments from State Farm and another insurer,[1] an amount that

---

[1] The Court notes that the other insurer is not a party to this action.

State Farm would be entitled to, as a setoff, as to any jury verdict award for Plaintiff (Doc. 9, p. 2).  *Guess v. Allstate Insurance Co.*, 717 So.2d 389 (Ala.Civ.App. 1998), cited by Defendant, apparently supports State Farm's argument that they would be entitled to such a setoff, assuming that such provision is included in Reed's insurance contract.[2]

Defendant has candidly admitted that there is no apparent Eleventh Circuit case on point (Doc. 9, p. 4) ("While apparently not specifically addressed by the Eleventh Circuit . . .").[3] Nevertheless, State Farm asserts that "the 'amount in controversy' includes the total amount of plaintiff's recovery, from all sources if he or she were to prevail, and that a court should include any amounts recovered by plaintiff, including any available 'setoffs,' in that calculation to reach plaintiff's *total* recovery" (*id.*) (emphasis in original).  Defendant cites a single case, *Gora v. Banc One Financial Services, Inc.*, 1995 WL 431138 (N.D. Ill. July 18, 1995), as support for their setoff argument.

The Court finds that the facts of *Gora* can be distinguished. In *Gora*, Plaintiffs sued their mortgage lender for charging them

---

[2]Though no contract has been put forth for the Court to view, the Court has no doubt that such a provision exists.
   The Court also notes that Plaintiff has not responded to State Farm's argument though given the opportunity to do so (Doc. 8).

[3]The Court notes that it found no cases on point in its search either.

more interest than an Illinois statute allowed.  The Federal Court, following removal on the basis of diversity, determined that it had jurisdiction because the Illinois statute allowed damages that, if fully awarded, would amount to more than the jurisdictional requirement.  *Gora*, 1995 WL 431138 at *3.  In *Gora*, though, there was no prior settlement so the full possible amount of recovery was the amount in controversy.

In this action, however, in spite of the fact that Reed has already recovered the sum of one hundred, five thousand ($105,000) dollars, and might have to prove damages of at least one hundred, fifty-five thousand ($155,000) dollars to get the fifty thousand ($50,000) dollars he seeks, he can, nevertheless, receive, at most, fifty thousand ($50,000) dollars under the terms of the insurance policy.  The Court notes that Defendant has not argued otherwise.  The portion that State Farm and the other insurer have already paid is not in controversy for purposes of determining the jurisdictional amount in this action.  The Court finds that Defendant has not met its burden of proving that this Court has jurisdiction over this matter.

In reaching this decision, the Court notes that, in assessing the propriety of removal,

> the district court has before it only the limited universe of evidence available when the motion to remand is filed—*i.e.*, the notice of removal and accompanying documents.  If that evidence is insufficient to establish

>       that removal was proper or that jurisdiction
>       was present, neither the defendants nor the
>       court may speculate in an attempt to make up
>       for the notice's failings.

*Lowery v. Alabama Power Co.*, 483 F.3d 1184, 1214 -1215 (11th Cir. 2007) (footnotes and citations omitted).

For the reasons stated, the Court finds that Defendants' Removal of this action was improper. The evidence proffered is insufficient for the Court to conclude that federal jurisdiction exists in this action. The Court further notes that "'[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded' to the state court from whence it came." *University of South Alabama v. American Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999) (quoting 28 U.S.C.A. § 1447).

Therefore, it is **ORDERED** that Plaintiff's Motion to Remand be **GRANTED** (Doc. 7) and that this action be **REMANDED** to the Circuit Court of Dallas County, Alabama, for further proceedings, on the grounds that the Notice of Removal and Complaint are insufficient to establish the presence of federal subject-matter jurisdiction.

DONE this 30th day of July, 2007.

                                   s/BERT W. MILLING, JR.
                                   UNITED STATES MAGISTRATE JUDGE